1999 OK JUD ETH 2

**JUDICIAL ETHICS OPINION 1999–2.**

**No. 1999–2.**

Oklahoma Judicial Ethics Advisory Panel.

Decided: April 1, 1999.

Filed: April 2, 1999.

¶ 1 QUESTION: May a newly appointed or elected Judge continue to practice law in

the winding-up of his/her legal business after taking the oath of office as a Judge?

¶ 2 WE ANSWER: No.

¶ 3 Canon 4(G): *"PRACTICE OF LAW. A Judge shall not practice law."*

¶ 4 Oklahoma Constitution Article 7, Section 11.(b):

**"No Justices or Judges, except those with Municipal Courts, shall engage in the practice of law ..."**

¶ 5 Oklahoma Statutes, Title 5, § 1:

*"No person shall practice as an attorney and counselor at law in any court of this state ... who holds a commission as judge of any court of record ...; but nothing herein contained shall prevent any judge of any of the courts of this state from finishing any business by him undertaken in the district, circuit or supreme court of the United States, prior to his election or appointment as judge ..."*

¶ 6 Rules of Professional Conduct, Title 5, Chapter 1–Appendix 3–A, Rule 1.3:

*"A lawyer shall act with reasonable diligence and promptness in representing a client."*

¶ 7 Rules of Professional Conduct, Title 5, Chapter 1–Appendix 3–A, Rule 1.16:

*"... (b) except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interest of the client ..."*

¶ 8 The commentary in the Rules of Professional Conduct pertaining to Rule 1.3, suggest that "unless the relationship is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client."

¶ 9 We submit the above citations because of the obvious conflicts. First, there is a conflict between the Code of Judicial Conduct and the Oklahoma Statutes wherein the Statues permit a judge to complete work in the federal courts but not in state courts, while the Canons make no exception for completing work in the federal courts. We suggest a possible conflict between the Canon cited above and the provisions of the Rules of Professional Conduct for attorneys in that the Canons provide *no* practice of law while the Rules of Professional Conduct obviously emphasize an attorney's fiduciary responsibility to clients.

¶ 10 The Code of Judicial Conduct, prior to the Amendments of 1997, provided in Canon 5(F), that a judge "should not practice law, except as provided in 5 O.S.1971, section 1." This exception was omitted when the Canons were adopted June 23, 1997, and we consider this as a clear intention of the Oklahoma Supreme Court to prohibit a judge from practicing law in any manner, in any court.

¶ 11 Despite the statute, a judge is violating the Code of Judicial Conduct in practicing law in the federal courts on work undertaken before he was a judge.

¶ 12 The Canons of many states provide for a "winding-up exception" to the provision prohibiting the practice of law, but Oklahoma does not. The matter is discussed in "Ethical Issues for New Judges" by Cynthia Gray, published by the American Judicature Society. The analysis of the decisions of various states makes it clear than an attorney, prior to being sworn in as a judge, may continue to practice in court, work on cases, appear as trial counsel for clients and continue the ordinary practice of law. However, in states like Oklahoma that do not have a "winding-up exception", after a judge is sworn into a judicial office he/she may not practice law.

¶ 13 This panel recognizes the practical problems created when a practicing attorney, particularly a sole practitioner, is appointed to a judicial position. The Tennessee Code provides an exception that allows a newly elected or appointed judge to practice law in winding-up a practice, but requires that it be done "as soon as reasonably possible and in no event longer than 180 days after assuming office."

¶ 14 Perhaps a "winding-up exception" should be a part of the Oklahoma Code of Judicial Conduct. However, our conclusion must remain as stated at the beginning: A Judge shall not practice law.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary